# 11 CV 3068

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Kenneth & Leslie Newman, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Cohen & Slamowitz, L.L.P.; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | |

RECEIVED MAY -4 2011 U.S.D.C. S.D.N.Y. CASHIERS

For this Complaint, the Plaintiffs, Kenneth & Leslie Newman, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kenneth Newman ("Husband"), is an adult individual residing in Middletown, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Plaintiff, Leslie Newman ("Wife"), is an adult individual residing in

1

Middletown, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Defendant, Cohen & Slamowitz, L.L.P. ("Cohen"), is a New York business entity with an address of 199 Crossways Park Drive, Woodbury, New York 11797, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by Cohen and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Cohen at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Cohen for collection, or Cohen was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Cohen Engages in Harassment and Abusive Tactics

13. Defendants repeatedly placed automated calls with pre-recorded voice messages on Plaintiffs' residential phone line concerning a "William Babcock."

14. Plaintiffs called Defendants and left numerous voice messages for Defendants in

2

which Plaintiffs notified defendants that William Babcock did not reside at Plaintiffs' address and could not be reached at Plaintiffs' telephone number.

15. In fact, Plaintiffs had owned the telephone number ((845) 344-5059) for more than 20 (twenty) years.

16. Leslie Newman has spoken with Defendants and requested that Defendants cease calls.

17. Defendants failed to identify the name of the caller and the collection agency when speaking with Mrs. Newman.

18. Mrs. Newman was informed that Defendants would make a note on William Babcock's account about the mistake and that Defendants would cease calls.

19. However, Defendants continue to call Plaintiffs.

## C. Plaintiffs Suffered Actual Damages

20. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiffs without disclosing the identity of the debt collection agency.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

27. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

28. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

29. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

30. The Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

31. By virtue of the foregoing, the Plaintiffs are entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

32. The Plaintiffs incorporate by reference all of the above paragraphs of this

4

Complaint as though fully stated herein.

33. Without prior consent the Defendants made telephone calls to the Plaintiffs' residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiffs in violation of 47 U.S.C. § 227(b)(1)(B).

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

35. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that judgment be awarded in the Plaintiffs' favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiffs statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiffs actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiffs recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Against the named the Defendants, jointly and severally, awarding the Plaintiffs punitive damages in such amount as is found appropriate; and

5

7. Granting the Plaintiffs such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 26, 2011

Respectfully submitted,

By *[signature]*

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs